# IN THE UNITED STATES DISTRICT COURT
# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| GOVERNMENT OF GUAM, | Case No.: 16-cv-00002 |
| Plaintiff, | |
| vs. | **ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| DANNY LEON GUERRERO *et al.*, | |
| Defendants. | |

The Government of Guam is seeking to reduce to judgment alleged tax deficiencies owed by Defendants for tax years 1999, 2000, 2001, and 2002. (*See* Am. Compl., ECF No. 55.) Defendants now seek summary judgment, arguing that the Government's claims are time barred. (*See* Mot., ECF No. 65; Mem. in Supp., ECF No. 66.) The motion is fully briefed,[1] and the Court decides without a hearing.

For the reasons set forth below, Defendants' motion for summary judgment is DENIED.

## I.  BACKGROUND

Plaintiff Government of Guam claims that, on March 21, 2003, Defendant Guerrero filed amended tax returns for tax years 1999, 2000, 2001, and 2002, and these amended returns indicated he owed income tax for each of those years. (Am. Compl. ¶¶ 4-7.) However, the Government claims that Guerrero failed to pay the balance of the outstanding income tax that was owed for those years.

---

[1] Mot. for Summ. J., ECF No. 65; Mem. in Supp., ECF No. 66; Berman Decl., ECF No. 67; Resp. Br., ECF No. 70; Reply Br., ECF No. 72; Defs. Stmt. of Facts, ECF No. 73; Pl. Stmt. of Facts, ECF No. 74.

1

(*Id.*) At some point, the Guam Department of Revenue and Taxation ("DRT") made a tax assessment for these four years, and, at some time thereafter, "gave notice" to Guerrero that he owed taxes and the amounts. (*Id.* ¶¶ 12-15.) On August 15, 2006, the Government filed a notice of lien based on the tax assessments with the Guam Superior Court, Guam District Court and Guam Department of Land Management. (*Id.* ¶ 18.) It filed a subsequent notice of lien on June 4, 2007. (*Id.* ¶ 19.)

The Government filed this lawsuit to reduce to judgment the unpaid taxes, and seeks $3,203,905.96, including penalties and interest as of January 6, 2016, recovery of costs, and an order of foreclosure on the real properties on which the Government placed liens. (*Id.* ¶ 25.)

Defendants now seek summary judgment on the ground that the Government's claims are time-barred. (*See generally* Mem. in Supp.)

## II. LEGAL STANDARD

On a motion for summary judgment brought by a defendant against a plaintiff's claims, there is a "shifting burden of proof." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010). As set forth by the Ninth Circuit in *In re Oracle*, 627 F.3d at 387:

> The moving party initially bears the burden of proving the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986). Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case. *Id.* at 325, 106 S. Ct. 2548. Where the moving party meets that burden, the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial. *Id.* at 324, 106 S. Ct. 2548. This burden is not a light one. The non-moving party must show more than the mere existence of a scintilla of evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986). The non-moving party must do more than show there is some "metaphysical doubt" as to the material facts at issue.

> *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986). In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor. *Anderson*, 477 U.S. at 252, 106 S. Ct. 2505. In determining whether a jury could reasonably render a verdict in the non-moving party's favor, all justifiable inferences are to be drawn in its favor.

### III. DISCUSSION

Defendants contend that the Government's claims are barred by the relevant three-year and ten-year statutes of limitations. (Mem. in Supp.) In particular, they claim that because the signed certificates of assessment were destroyed, the Government cannot prove that they made the tax assessments within the statutes of limitations. (*Id*.) The Government concedes that the certificates of assessments were destroyed by water and pest damage (Gov't Stmt. of Facts, ECF No. 74), but responds that they have submitted sufficient admissible evidence to show that they followed routine practices in making the tax assessments and did so within the statute of limitations. (Resp. Br. 2, ECF No. 70.) In addition, the Government contends that Guerrero is estopped from challenging the fact that he owes taxes, as he self-assessed a deficiency and admitted that he owed the amounts requested by failure to respond to discovery requests. (*Id*. at 8-10.)

### A. Whether Defendants Are Estopped from Contesting the Assessments

The Government argues that Defendants may not challenge the assessments because Guerrero has self-assessed that he owes taxes and made partial payments of these taxes. (Resp. Br. 8.) Thus, according to the Government, Guerrero should not be permitted to change his position and claim that DRT's assessments are invalid. (*Id*.)

In support of its position, Plaintiff relies on *Estate of Ashman v. CIR*. That case establishes

that a taxpayer has a "duty of consistency" with regard to his position on tax issues. 231 F.3d 541, 543 (9th Cir. 2000). Thus, a taxpayer is estopped or prohibited from taking inconsistent positions at a later time. *Id*. If the following three elements are satisfied, then a taxpayer is estopped from submitting a position contrary to one that he has previously taken: "(1) a representation or report by the taxpayer; (2) on which the Commissioner has relied; and (3) an attempt by the taxpayer after the statute of limitations has run to change the previous representation or to recharacterize the situation in such a way as to harm the Commissioner." *Id*. at 545 (internal citations omitted).

In this case, there is no dispute that DRT examined Guerrero's amended tax returns that he filed in 2003, and concluded that his self-assessed amount of taxes owed were incorrect. (*See* Charfouros Decl., ECF No. 20.) Now, the Government seeks to estop Guerrero from challenging the fact that he owes taxes in the amount that DRT assessed.

Guerrero has admitted that he owes taxes by filing self-assessed returns, and, by failing to respond to the Government's discovery requests, has admitted that (1) he made some payments, and (2) the Government disallowed the tax exemption that he claimed for tax years 1999-2002. (*See* Requests for Admission, Ex. C. to Fokas Decl., ECF No. 29-2 at 17-25.) As Plaintiff correctly submits, statements made in tax returns and failure to respond to discovery requests constitute admissions. *United States v. Dinnell*, 428 F. Supp. 205, 208 (D. Ariz. 1977) (statements in tax returns are admissions); *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007) (unanswered requests for admission constitute admissions). Accordingly, the three elements are satisfied with regard to the amount of taxes owed, and Guerrero is estopped from challenging the amount of taxes that DRT claims he owes.

4

However, the issue on which Guerrero seeks summary judgment is not the amount owed, but whether the Government failed to conduct a timely assessment thereby prohibiting it from legally collecting the outstanding taxes. This is different in nature to the type of estoppel contemplated in *Estate of Ashman*, which addresses a taxpayer's inconsistent statements with regard to facts about his or her tax situation. By contrast, challenging the validity of DRT's tax assessment does not contradict any previous statements by Guerrero that he does, in fact, owe taxes. Rather, it addresses whether the Government is legally authorized to seek them. Accordingly, Defendants are not estopped from challenging the timeliness of DRT's assessments.

### B. Whether Plaintiff's Claim Is Barred by the Three-Year Statute of Limitations

Defendants maintain that because the Government cannot provide a signed certificate of assessment, it cannot prove that it made a valid assessment within the three-year period of limitations. (Mem. in Supp. 2-4.) Plaintiff counters that the motion should be denied because (1) the Court already denied its motion for summary judgment on the ground that there remains a material question of fact as to whether a signed tax assessment was made within the limitations period, and (2) it has met its burden of proof to show a valid assessment. (Resp. Br. 2-8.)

A tax assessment "shall be made by an assessment officer signing the summary record of assessment." 26 C.F.R. § 301.6203-1. The summary record, "through supporting records," must include "identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment." *Id*. The date of the assessment "is the date the summary record is signed by an assessment officer." *Id*. Any assessment must be done "within 3 years after" a taxpayer has filed a return**.** 26 U.S.C. § 6501(a). After an assessment "made within the

period of limitation properly applicable" is complete, "such tax may be collected by levy or by a proceeding in court" provided that the levy or proceeding is begun "within 10 years after the assessment of the tax." 26 U.S.C. § 6502(a)(1).

Defendants rely heavily on *Brafman v. United States* and *Boyd v. United States* to support their contention that, without a signed certificate, the Government cannot prove that it made an assessment within the relevant period of limitations. (Mem. in Supp. 2-4.) *Brafman* and *Boyd* demonstrate that the absence of a signature on a form can show that no assessment has been made within the applicable period of limitations. However, the cases do not indicate, and the Ninth Circuit does not maintain, that the admission of these certificates of assessment are the only means of showing that a valid, timely assessment was made. *See Hughes v. United States*, 953 F.2d 531, 535 (9th Cir. 1992) (stating that "official certificates, such as Form 4340, *can* constitute proof of the fact that the assessments actually were made") (emphasis added). Thus, the Court declines to grant summary judgment solely on the basis of the absence of the signed certificates of assessment.[2]

Plaintiffs submit that there is sufficient evidence to show that there is a material question of fact as to whether routine practices were followed with respect to Guerrero's tax assessments, and therefore whether assessments were made validly and timely. Defendants counter it was not followed

---

[2] Defendants also suggest that the Internal Revenue Manual Part 11.3.6 imposes a separate certification requirement on all assessments. (Mem. in Supp. 3.) The Court has reviewed Part 11.3.6 of the Manual and finds that it imposes no such requirement for the assessment to be valid. Instead, the Manual addresses how to certify or seal documents to authenticate them. Authentication is different from whether the underlying assessment is valid. Moreover, the Internal Revenue Manual does not have the "force of law and does not confer rights on taxpayers." *Smith v. Internal Rev. Serv.*, 168 F. Supp. 3d 1221, 1227 n.4 (D. Ariz. 2016) (quoting *Fargo v. C.I.R.*, 447 F.3d 706, 713 (9th Cir. 2006)). Thus, Plaintiff does not have a cause of action for failure to comply with the Internal Revenue Manual. *Id*.

6

because the declarations submitted by Plaintiff show that the certificate of assessment should have been attached to the register. (Reply Br. 4-5, ECF No. 72.)

The Court finds that, considering the evidence in the light most favorable to Plaintiff, material questions of fact exist with regard to whether routine practices were followed and whether the tax assessments were completed within the three-year period of limitations. In this case, the Government is entitled to a presumption of regularity with regard to its actions in the absence of contrary evidence from the party challenging the Government's action. *Palmer v. U.S. Internal Rev. Serv.*, 116 F.3d 1309, 1311 (9th Cir. 1997) (internal citation omitted). Here, the Government has submitted three declarations--from Mr. Terlaje, Ms. Celino, and Ms. Duenas--that outline the normal process for creating tax assessments. (ECF Nos. 40-1, 40-2, 40-3.) Each Declaration establishes that a register is created with taxpayer information and amounts owed are created by an accounting technician and signed by that same technician. (Terlaje Decl. ¶ 5, ECF No. 40-1 at 2; Celino Decl. ¶ 5, ECF No. 40-2 at 2; Duenas Decl. ¶ 3, ECF No. 40-3 at 2.) An accounting technician then "prepares and prints out a Guam Tax Assessment Certificate" that is attached to the signed register and sent to the Taxpayer Services Administrator for his review and signature. (*Id*.) The certificate is "signed on the day an assessment is made." (Duenas Decl. ¶ 4.)

In this case, Ms. Celino signed each of the registers that she prepared for Guerrero for tax years 1999-2002. (Celino Decl. ¶¶ 6-8; Exs. A and B to Celino Decl., ECF No. 40-2 at 4-13.) Ms. Celino then explains that a different accounting technician would have been responsible for preparing the certificate to be attached to the register. (Celino Decl. ¶ 8.) This declaration indicates that routine procedure was followed in Guerrero's case, at least as far as creation and signing of the register. A

reasonable trier of fact, in the absence of contrary evidence from Guerrero, could find that the subsequent steps were also followed, particularly as Guerrero does not dispute that the certificates of assessment did, at one time, exist. Further, the DRT's databases show that the assessments were made on January 12, 2006, which is within the statute of limitations. (Exs. to Terlaje Decl., ECF No. 40-1 at 11, 18, 23, 28.) Thus, a reasonable trier of fact could infer that the certificates were signed on January 12, 2006, within the three-year period of limitations, even though the actual certificates have been destroyed. Accordingly, the Court concludes that there remain questions of material fact that preclude it from granting Defendants' motion for summary judgment.

**C. Whether Plaintiff's Claim Is Barred by the Ten-Year Statute of Limitations**

For the same reasons as above, Defendants insist that Plaintiff's claim is barred by the ten-year limitations period. (Mem. in Supp. 5.) As set forth above, there remain material questions of fact as to whether a valid assessment was completed and when. Thus, there are also material questions of fact as to whether Plaintiff's claim is barred by the ten-year statute of limitations.

### IV.   CONCLUSION

For the reasons set forth above, Defendants' motion for summary judgment (ECF No. 65) is DENIED.

IT IS SO ORDERED.



**/s/ Frances M. Tydingco-Gatewood**
   **Chief Judge**
**Dated: September 24, 2018**

8